**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3535
_____

FEROY WAROUW,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-150-198)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2012

Before:  AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed April 20, 2012)
_____

OPINION
_____

PER CURIAM

Feroy Warouw, a native and citizen of Indonesia, petitions for review of the Board

of Immigration Appeals' (BIA) order denying his second motion to reopen his removal

proceedings.  For the following reasons, we will deny the petition for review.

I.

Warouw is an ethnic Chinese Christian from Indonesia who came to the United States in 2001 as a non-immigrant visitor and overstayed his visa. After removal proceedings were commenced against him, Warouw filed for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) determined that Warouw's application for asylum was untimely, see 8 U.S.C. § 1158(a)(2)(B), and that he had failed to establish that he was eligible for either withholding of removal or relief under the CAT because he had not demonstrated that it was more likely than not that his life would be threatened, see 8 U.S.C. § 1231(b)(3)(A), or that he would be tortured, see 8 C.F.R. § 1208.16(c)(2), if removed to Indonesia. Accordingly, by order entered May 18, 2004, the IJ denied relief. Upon review, the BIA affirmed and adopted the IJ's decision.

In November 2005, Warouw filed a timely motion to reopen his removal proceedings in which he argued that conditions in Indonesia had worsened for ethnic Chinese Christians. See 8 C.F.R. 1003.2(c)(1). By order entered March 1, 2006, the Board denied the motion.

On April 18, 2011, Warouw filed a second motion to reopen his removal proceedings. Recognizing that his motion was untimely and number-barred, Warouw sought to meet the exception for motions that rely on material evidence of changed country conditions, see 8 U.S.C. § 1229(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), and argued that there had been a recent increase in the persecution of Christians by Muslim

extremists in Indonesia.  In support of his motion, Warouw submitted an affidavit in which he described several recent incidents of violence against Christians, and stated that his family and friends had corroborated that "the mistreatment and persecution of Christians by Muslims are on the rise."  (AR000035.)  Warouw also submitted three reports from the State Department, including the 2009 and 2010 International Religious Freedom Reports and the 2009 Human Rights Report, as well as a number of newspaper articles reporting on Muslim extremism against Christians.  The BIA denied relief, explaining that the new evidence, when compared to the evidence presented to the IJ, did not demonstrate materially changed conditions in his home country.  See 8 U.S.C. § 1229a(c)(7)(C)(ii).

Warouw now seeks review of the BIA's decision.

## II.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a), and review a decision denying a motion to reopen for abuse of discretion.  Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).  Under this standard, we may not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law."  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (internal quotation marks and citation omitted).

Under the governing regulations, "an alien may file only one motion to reopen removal proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered."  8 C.F.R. § 1003.2(c)(2).

3

However, the "time and numerical limitations . . . shall not apply" to motions to reopen to "apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3). "A motion to reopen must establish prima facie eligibility for [the relief sought]." Guo, 386 F.3d at 563.

Warouw argues that the BIA abused its discretion by failing to articulate the basis for its finding that he had failed to demonstrate changed country conditions. According to Warouw, the Board failed to make specific reference to any of the incidents described in the supporting documents, and instead issued a cursory, two-paragraph decision. Warouw also argues that the Board's failure to fully consider the evidence amounted to a violation of his Fifth Amendment due process rights.

We have previously explained that "[t]he BIA is not required to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) (internal quotation marks and citation omitted). In reviewing evidence of changed country conditions, the BIA should "demonstrate that it has considered such evidence, even if only to dismiss it." Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006).

4

In this case, the Board noted that Warouw had submitted "various reports issued by the United States Department of State, international organizations and news articles," and "an affidavit wherein he informs that family and friends have advised him that 'the mistreatment and persecution of Christians by Muslims are on the rise.'" (AR000003.) The Board specifically identified two of the incidents described in the affidavit, including the alleged theft of Warouw's son's cell phone. The Board also noted that, contrary to Warouw's contention, the Department of Homeland Security urged that conditions in Indonesia had improved. The Board then explained as follows: "We have considered the evidence proffered with [Warouw's] present motion. However, viewed in the context of [Warouw's] testimony and evidence regarding conditions in Indonesia presented when this case was last before the [IJ], we do not find that the proffered evidence has been shown to demonstrate materially changed conditions in his country of nationality." (Id.)

Based on these statements and our review of the record, we are satisfied that the Board considered the documentary evidence before it. While the Board did not conduct an exhaustive analysis of each document that Warouw submitted, its explanation of its reason for denying the motion is sufficient. Insofar as Warouw argues that he was denied due process, we note that the Board's decision contains sufficient indicia that it made an individualized determination of his case. See Abdulai v. Ashcroft, 239 F.3d 542, 550 (3d Cir. 2001). Therefore, we discern no abuse of discretion.

5

III.

We will deny the petition for review.[1]

---

[1] Petitioner's Motion for Leave to File Addendum to Brief is granted.